[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court considers the plaintiffs Motion for Order to Sell Marital Home (#106).
It is well settled law that the court cannot order property distributions on a pendente lite basis. Despite its guise, this Motion does not seek to "dispose" of a marital asset. Plaintiffs Motion does not seek the disposition of property between the parties. Rather it seeks to maximize the marital estate which will eventually be distributed or assigned by the court after full consideration of the equities involved in this dissolution action.
The plaintiff has presented, unrefuted, evidence and documentation that he can maximize the marital asset by accepting the pending offer. The defendant's only credible offer in opposition to the sale is that she would suffer some inconvenience.
A Superior Court, sitting in the family session, is duty bound to do equity. Equity, by its nature, requires protection and maximization of assets. This natural demand can be offset by countervading human comforts and needs of appropriate proportion.
Having accorded the human comforts and needs of the defendant a favorable presumption, the court finds that the ultimate equities require the conversion of the real property asset to another specie, cash, on the terms proposed by the plaintiff.
The parties are directed to execute the proposed contract (attached to #106) forthwith (or its successor with the same terms, other than dates caused by judicial processing).
The defendant is ordered to comply with `broom clean' delivery of the premises within the terms of paragraph le of the contract. Should she fail to strictly comply with this requirement, she will do so at her peril for the actual costs and punitive measures the court may deem appropriate, at the time and under the circumstances then presented. CT Page 11412
In light of the reasonable period the contract allows for closing/broom-clean delivery, not much leeway would, ordinarily, be granted for failure to comply.
All net proceeds of the sale transaction will be held in escrow, until written agreement of the parties or further orders of the court, by Attorney Henry Lyons, III, counsel for the defendant.
Only the normal and customary closing adjustments shall be allowed, absent order of the court. The parties are directed to negotiate for an agreement on their representation for purposes of the closing.
Should the parties be unable to agree upon counsel (after complete attempts to negotiate in person and through counsel), attorneys Lyons and Conte shall participate in the closing on behalf of their respective parties. Neither attorney shall be paid or collect a fee, until the time of the final resolution of this matter (including title commission). The court will, at trial, accept testimony about the cause of multiple representation resulting from this order and determine the reasonableness and allocation of the closing fees.[1]
DANIEL E. BRENNAN, JR., J.